UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CHARLES MEDINA,

Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA, EMSA CORRECTIONAL CARE, INC., WILLIAM PLATZ, M.D.,

Defendants.

CIVIL NO. 01-838 (RHK/JMM)

ORDER

The above matter came on for hearing before the undersigned on June 11, 2001 upon Defendant Corrections Corporation of America's Motion for a More Definite Statement Pursuant to Rule 12(e) [Docket Nos. 3, 6]. Paul Sortland, Esq. appeared on behalf of Plaintiff; Robert Lewis Esq. appeared on behalf Defendant Corrections Corporation of America; James Bratulich, Esq. appeared on behalf of Defendants EMSA Correctional Care, Inc. and William Platz, M.D.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED as follows:

1. Defendant Corrections Corporation of America's Motion for a More Definite Statement Pursuant to Rule 12(e) [Docket Nos. 3, 6] is granted. No later than June 26, 2001, Plaintiff shall serve and file an Amended Complaint which complies in all respects with the Rules of Civil Procedure and applicable law.

2. Each Defendant served with the Amended Complaint shall file a response to the Amended Complaint no later than July 6, 2001.

Dated: June 13, 2001

JOHN M. MASON
United States Magistrate Judge

FILED JUN 13 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD__________
DEPUTY CLERK__________

## MEMORANDUM

Plaintiff filed a Complaint against Corrections Corporation of America ("CCA"), EMSA Correctional Care, Inc. ("EMSA") and William Platz, M.D. that was removed to this court on May 15, 2001 [Docket No. 1]. The Complaint concerns the provision of medical care to Plaintiff, a prisoner housed at Prairie Correctional Facility ("PCF") which is privately owned and operated by CCA. EMSA contracts with CCA to provide medical services within the prison facility. The Complaint states that Dr. Platz was employed by EMSA and was the healthcare provider responsible for providing care to Plaintiff in the relevant time period.

### I. The Status of Defendant William Platz, M.D.

William Platz, M.D. has not yet filed a response to the Complaint. This Court is in receipt of a letter dated May 29, 2001, from attorney, John Hanlon, Esq., stating that Dr. William Platz who has been served as a Defendant in this case was not in Minnesota during the relevant time period and has never worked at PCF in Appleton, Minnesota. It is not clear that counsel for Plaintiff disputes this point, but that will become apparent when Plaintiff serves his Amended Complaint. We have established a deadline by which it is to be expected that the parties will have resolved the issue, or in any event a date by which all parties will have pleaded to the Complaint.[1]

1 The parties advised of their intention to hold a meeting under Rule 26(f), to promptly file the written statement under that Rule, and to communicate with the Calendar Clerk of this Court to establish the date for their Pretrial Conference.

## II. An Amended Complaint Must Be Filed.

Rule 12(e) of the Federal Rules of Civil Procedure states in relevant part:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsible pleading. The motion shall point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e).

Counsel for Plaintiff opposes the Motion, and in his Memorandum in Opposition he states: "The Complaint is sufficient, on its face, to require an Answer by Corrections Corporation of America (CCA)." At the hearing on the Motion, however, counsel for Plaintiff acknowledged deficiencies in the Complaint and asked this Court's permission to correct what he referred to as typographical errors. The existence of the acknowledged deficiencies in Plaintiff's Complaint is among the reasons why the Motion is granted.

In this case, we believe it would have been better if the Motion had been brought as a Motion to Dismiss for failure to state a claim under Rule 12(b)(6), since "Motions under Rule 12(e) are designed to strike at unintelligibility in a pleading rather than want of detail." Geir v. Educational Service Unit No. 16, 144 F.R.D. 680, 684 (D.Neb.1992). Motions for a more definite statement are disfavored because, ordinarily, discovery obviates the need for an extended elaboration of the plaintiff's claim. See, e.g., Geir, 144 F.R.D. at 685, and 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1376 (2d ed. 1990). "There must, however, be an adherence to the requisites of notice pleading, as they are formulated in Rule 8(a), Federal Rules of Civil Procedure, if the exercise of pleading is to serve a meaningful purpose." Eisenach v. Miller-Dwan Medical Center, 162 F.R.D. 346 (D.Minn. 1995).

It is not enough to argue that the deficiencies may be cured by undertaking discovery. As the Court noted in Eisenach: "[A]ny current view that the deficiencies in pleading may be cured through liberalized discovery is at increasingly mounting odds with the public's dissatisfaction with exorbitantly expansive discovery, and the impact that the public outcry has had upon our discovery Rules." Eisenach, 162 F.R.D. at 348. Requiring that a pleading meet basic standards of notice serves several purposes:

> "Where the allegations are clear, the parties themselves may ascertain whether discovery requests are reasonably related to the issues in the litigation, thus reducing the risk of costly disputes about discovery issues. After the close of discovery, clear pleadings enable the parties to focus the issues for presentation of motions for summary judgment or trial. Finally, the wide latitude afforded by notice pleading is balanced by requiring restraint by attorneys in presenting only those allegations that the attorney believes are proper and supported by law and the facts. Requiring clarity in pleadings serves to enhance the self- policing features embodied in Rule 11, since it then may more easily be seen whether the requirements of Rule 11 have been met."

In re Buffets, 906 F.Supp. 1293 at 1298 (D.Minn.1995).

Count I of Plaintiff's Complaint is asserted against only one of the Defendants. Counsel for Plaintiff stated at oral argument that it was his intention to assert these claims against all of the Defendants. An Amendment to the Complaint is required to achieve that objective.

Count I of the Complaint alleges that CCA, through its agents, acted negligently in failing to provide timely and proper medical care to Plaintiff. ¶ 15. The Complaint states that Defendants EMSA and Dr. Platz failed to diagnose and treat Plaintiff, but does not specify any conduct of CCA which creates liability for negligence. Plaintiff broadly alleges that his medical needs were not met "because of the actions and inactions

of the named defendants." ¶ 10. But the Complaint does not specify what actions or inactions of CCA constituted failure to meet Plaintiff's medical needs or under what legal theory those actions or inactions create liability.

At the hearing, counsel for Plaintiff stated that his intent in Count I was to allege medical malpractice under Minnesota law, holding CCA liable under a theory of respondeat superior. Minnesota law establishes clear procedural and substantive requirements for assertion of such a claim. The procedural requirements are specified by statute. See Minn. Stat. § 145.682. To establish a substantive claim for negligent care and treatment, a plaintiff must establish that the defendant departed from an established standard of care and that departure from standard of care directly caused plaintiff's injury. See Bigay v. Garvey, 575 N.W.2d 107 (Minn. 1998).

In Count II, Plaintiff alleges a claim for "intentional negligent infliction of emotional distress." Complaint, ¶¶ 18-20. In paragraph 19 of Count II, Plaintiff alleges that Defendants actions are "both intentional and negligent." At oral argument, counsel for Plaintiff stated that it was his intention to assert two claims for relief: intentional infliction of emotional distress and negligent infliction of emotional distress. Requiring Amendment of the Complaint will permit Plaintiff to achieve his objective of stating the claim he intended to state, and will also permit Plaintiff to meet the requirements of the Rules. The claim is unintelligible as it is written. Rule 12(e) provides a remedy for pleadings that are unintelligible, and Plaintiff should correct the ambiguity. See Eisenbach, 162 F.R.D. at 349.

Plaintiff has not sufficiently alleged the elements required for recovery under either intentional or negligent infliction of emotional distress. Minnesota case law establishes different elements for a cause of action under intentional and negligent infliction of emotional distress. See Kelly v. City of Minneapolis, 598 N.W.2d 657 (Minn. 1999)(elements of intentional infliction of emotional distress tort are: (1) the conduct complained of was extreme and outrageous; (2) the conduct was intentional or reckless; (3) the conduct caused emotional distress; (4) and the distress suffered was severe); K.A.C. v. Benson, 527 N.W.2d 553, 557 (Minn. 1995)(elements of negligent infliction of emotional distress tort are that plaintiff: (1) was within a zone of danger of physical impact; (2) reasonably feared for her own safety; and (3) suffered severe emotional distress with attendant physical manifestations). The Complaint does not adequately allege the elements of either claim, and has attempted to combine them into one count. It does not even specify what or whose conduct is the subject of either emotional distress claim, nor specify how the conduct creates liability on behalf of one or all of the Defendants.

In Count III, Plaintiff attempts to assert civil rights claim under 42 U.S.C. § 1983 for violation of Plaintiff's constitutional rights. At the hearing, Plaintiff's counsel stated that the intent was to allege a violation of rights under the Eighth Amendment, concerning the failure to provide adequate medical care, but, the Complaint fails to state this.

The claims Plaintiff intended to state have been held to have an objective and subjective component: a plaintiff must demonstrate (1) that he or she suffered from objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs. See Farmer, 511 U.S. at 847; see also Dulany, 132

F.3d at 1239. As an additional element, liability for a Section 1983 violation turns on a defendant's personal involvement in the deliberate indifference to a plaintiff's serious needs. Therefore, it is essential that each Defendant be made aware of how they allegedly deprived Plaintiff of his rights.

Furthermore, it is well-settled that employers and supervisors cannot be held vicariously liable for civil rights violations committed by their employees or subordinates, because the doctrine of respondeat superior does not apply to Section 1983 claims. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Brown v. Wallace, 957 F.2d 564, 566 (8th Cir. 1992). To state an actionable civil rights claim against a corporate employer, a plaintiff must plead, (and ultimately prove), that his or her constitutional rights were violated as a result of some policy or custom adopted by the employer. See City of Canton v. Harris, 489 U.S. 378, 386-87 (1989).

Finally, Count III of the Complaint is deficient because it purports to assert "deprivation of Plaintiff's civil rights, subjecting Plaintiff to all liabilities allowed under United States civil rights law, including, but not limited to,42 U.S. Section 1983." ¶ 22. If Plaintiff seeks to add statutory grounds for recovery in addition to those under 42 U.S.C. § 1983, he must specify them in his Amended Complaint.

J.M.M.