UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

Charles Medina,

Plaintiff,

Vs.

Corrections Corporation of America, Inc.,
and EMSA Correctional Care, Inc., et al.,

Defendants.

Court File No. 01-838 (RHK/JMM)

**PROTECTIVE ORDER**

---

This matter came before the Court upon the stipulation of counsel for plaintiffs and defendants for entry of a Protective Order governing the disclosure and handling of confidential, proprietary, commercially sensitive or otherwise private documents and information produced in this action by the parties or third parties during discovery or by informal request.

The Court, having been duly advised in the premises, now ORDERS:

1. Any person or party may designate and stamp or label selected information and documents that it produces or makes available for inspection to any other person or party during discovery or otherwise, whether directly or through a third party custodian of the information, as "Confidential" or "Produced Pursuant to Protective Order" or some similar means reflecting the confidential, competitively sensitive, or proprietary nature of the information or documents. The party or person producing the materials shall designate as being Protected Materials only such documents, materials and information which it has determined in good faith to constitute or contain confidential material, a trade secret, commercially sensitive information, or other such private information not normally available to the public.

2. The stamp or label shall be placed upon the Protected Materials in such a manner that it does not interfere with the print or text of the Protected Materials. The designation shall

FILED AUG - 9 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

make the originals and all copies, summaries, or other form of the information or documents subject to this Protective Order.

3. In the event that a party disagrees with the opposing party's designation of any item or items as being confidential, the objecting party shall notify the producing party within twenty (20) days of service of the designation, specifying any item in question. If an agreement cannot be reached concerning the propriety of the designation, either party may file a motion seeking Court adjudication of the propriety of the designation under applicable court rules or statutes. Any such item or items shall continue to be treated as confidential and subject to this Order until such time as such motion has been ruled upon. The party seeking protection shall bear the burden of establishing the confidentiality, sensitivity, or proprietary nature of the disputed items.

4. Disclosure of the information or documents subject to this Order may only occur to (a) parties, (b) parties' attorneys and staff members assisting such attorneys in this action, and (c) parties' consulting or testifying experts. Counsel agrees that anyone working in their offices will be familiarized with the terms of this Order and instructed that they are bound by the Order to the same extent that counsel is bound by the Order. In the case of a party's expert, any disclosure shall occur solely for purposes of this lawsuit and only after the person to whom disclosure has been made receives a copy of this Order and agrees to abide by its provisions. Receipt of this Order and agreement to its provisions shall be acknowledged by an affidavit signed by the expert and provided to all counsel. In the case of corporate parties, disclosure may be made to employees whose responsibilities include assisting with and/or monitoring the prosecution or defense of this action and to similar employees of any insurer that is or may be responsible for payment of some or all of a damages award in this action.

5. Any person who receives information or documents subject to this Order shall act to preserve their confidentiality; that is, no person shall give, show, or otherwise disclose directly or indirectly any information or documents subject to this Order, or the fact of their existence, to

any person or entity or for any purpose and refrain from their dissemination or use in any manner except as authorized in this Order.

6. Use of protected materials with non-party witnesses is permissible during such witnesses' deposition, but deposition or other testimony containing, summarizing, or otherwise referring to the fact, substance, or content of the information and/or documents subject to this Order shall likewise be subject to this Order. Such witnesses shall be informed prior to being questioned that the information is subject to this Order and that they are bound not to release such information as set forth in this Order. In the event of such testimony, the court reporter shall seal protected portions of the transcript in an envelope and affix the sealed envelope to the original transcript with a label indicating that the envelope contains confidential information or documents subject to a protective order and that the envelope shall not be opened except by express order of the Court. Notwithstanding any provision herein to the contrary, if any party to this matter shall conclude in good faith that for the purpose of this action it needs to disclose any information contained in or derived from Protected Materials to any person not permitted to obtain such information pursuant to this Order, it may request permission from counsel for the party designating the confidential matter to make such disclosure of specified information for a specified purpose. If counsel cannot agree as to the disposition of such a request, the party seeking to disclose confidential matter may request leave of Court to make such disclosure.

7. All papers, transcripts, exhibits, briefs, affidavits, discovery responses, or other materials filed with the Court which contain, summarize, or otherwise refer to the information or documents subject to this Order shall likewise be subject to this Order. In the event of any such filings, the party shall seal the designated portions of the transcript in an envelope and affix the sealed envelope to the court filing with a label indicating that the envelope contains confidential information and/or documents subject to a protective order and that the envelope shall not be opened except by express order of the Court.

8. This Order shall not preclude the Court or its personnel from reviewing any documents or information designated as confidential or proprietary as necessary for the conduct of this litigation. Use of any protected information at trial by either party shall not constitute waiver of the protection of this Order.

9. Upon termination of this lawsuit by judgment, settlement, or otherwise, counsel shall account for and return to counsel for the party which produced it all information and documents subject to this Order, including all copies, summaries, or other partial or complete forms of the information or documents in the possession of the party, the party's counsel and staff, and the party's experts. In the case of experts, counsel shall also forward an affidavit signed by each expert who received information or documents subject to this Order, attesting that all such information and documents have been returned and that they have at all times complied and will continue to comply with the Protective Order. The Court will retain jurisdiction over the parties and any other person or entity receiving information or documents subject to this Order for the purpose of enforcing this Order, adjudicating any claims of breach, and determining damages and remedies for breaches of this Order. Remedies for violation of the order may include, but are not limited to, dismissal of the claims asserted in this action.

10. Nothing in this Order shall be deemed to preclude a party or other person from seeking and obtaining upon appropriate showing additional protection with respect to the Protected Materials. The parties reserve the right to object to the admissibility of the Protected Materials.

11. Any party who wishes to modify this Order or its application to any specified information or documents may move the Court for modification. Until modified by agreement or subsequent order, however, the terms of this Order will remain in effect.

BY THE COURT:

Dated: 8/7, 2001.

Hon. John M. Mason

157226

Stipulated by the parties as follows:

Dated July 23, 2001.

SORTLAND LAW OFFICE

**Paul A. Sortland #103573**
33 South 6th Street, #4100
Minneapolis, Minnesota 55402-3601
(612) 375-0400

**ATTORNEY FOR PLAINTIFF**

Dated ~~July~~ Aug 3, 2001.

**CANDLIN & HECK**

**Martha K. Sieber, #23171X**
**Bruce P. Candlin, #14503**
3800 West 80th Street, #1500
Bloomington, Minnesota 55431
(952) 820-8523

**ATTORNEY FOR DEFENDANT EMSA CORRECTIONAL CARE, INC.**

Dated ~~July~~ Aug 6, 2001.

**BEST & FLANAGAN LLP**

**Thomas B. Heffelfinger, #4328X**
**Robert M. Lewis, #249488**
**Marlene A. Petersen, #290142**
4000 U.S. Bank Place
601 Second Avenue South
Minneapolis, Minnesota 55402
(612) 339-7121

**ATTORNEY FOR DEFENDANT CORRECTIONS CORPORATION OF AMERICA, INC.**

AUG - 9 2001

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---


700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500